# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **DEBORAH FLOYD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION FILE NO.** |
| | ) | |
| **vs.** | ) | **1:21-CV-01651-ELR** |
| | ) | |
| **BAYER PROPERTIES, LLC,** | ) | |
| **AEW CAPITAL** | ) | |
| **MANAGEMENT, LLC d/b/a** | ) | |
| **THE FORUM ON PEACHTREE** | ) | |
| **PARKWAY, and SOMA** | ) | |
| **INTIMATES, LLC.,** | ) | |
| | ) | |
| **Defendants.** | | |

## OWNER AND MANAGER DEFENDANTS' INITIAL DISCLOSURES

(1)    If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

**The proper identification of the owner and manager are as follows. CPT Peachtree Forum I, LLC, is the owner of the shopping center. Bayer Properties LLC is the manager of the property.**

(2)    Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.

**Not applicable.**

(3)    Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.

**This is a premises liability case which involves proof of a hazard, which was the proximate cause of Plaintiff's injury, of which the Defendants have knowledge superior to that of the Plaintiff. The burden of proving each of**

**those elements, as well as causation and amount of damages, is on Plaintiff. Plaintiff did not report her accident on the day it happened. The information available at this time to these Defendants is that the accident did not happen the way that Plaintiff claims in her Complaint that it did. However, as described in the Complaint, the landscape speaker is static, open and obvious, and the owner provided a safe sidewalk for invitees to use without the need to depart and walk in the landscaping to encounter a landscape speaker.**

(4)    Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.

**The primary controlling law apparent at this time is OCGA § 51-3-1 "Duty of owner or occupier of land to invitee."**

(5)    Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A**

(6)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)

**See Attachment B**

(7)    Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C**

(8)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or

evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**See Attachment D**

(9)    If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

**Not applicable at this time.**

(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to    Initial Disclosures as Attachment E.)

**See attachment E.**

This 18 day of May, 2021.

**MCLAUGHLIN LAW FIRM**

**/s/ Charles R. Beans**

_____
Charles R. Beans
Georgia  Bar No. 006720
***Attorneys for Defendants***

11575  Great Oaks Way,
Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510  (fax)
Charles.Beans@mgmesq.com

## CERTIFICATE OF SERVICE

I certify that I have this day served the following with **OWNER AND MANAGER DEFENDANT INITIAL DISCLOSURES** by EFILING to:

**Brandon Smith, Esq.**
**Titus Smith, LLC**
**5755 North Point Parkway Suite 69**
**Alpharetta, GA 30022**

**Yamisi James, Esq.**
**Swift Currie et al**
**1355 Peachtree Street, NE, Suite 300**
**Atlanta, GA  30309**

This 18 day of May, 2021.

**MCLAUGHLIN LAW FIRM**

**/s/ Charles R. Beans**

Charles R. Beans
Georgia Bar No. 006720
*Attorneys for Defendants*

11575 Great Oaks Way,
Suite 100
Alpharetta, Georgia 30022
(470) 415-5500
(470) 415-5510 (fax)
Charles.Beans@mgmesq.com

## Attachment A

Other than Plaintiff, these Defendants are informed that employees of Soma at the time of the incident may have witnessed it: Areli Aroctecte and Stephanie Pollard. Justin Mateen is a site supervisor employed by Allied Universal. He did not witness the incident but spoke with the Soma employees. Sue Storck, employee of Bayer Properties, is the General Manager of the shopping center, and she also did not witness the incident, nor was it reported to her when it happened. The first notice of the incident was the correspondence from counsel.

**Attachment B**

**Defendants have not determined whether they will call witnesses to give opinions as experts at trial.**

**Attachment C**

**Documents**

1. **Photos taken of general scene on 3/02/20**
2. **Bayer Properties The Forum – brochure including property site plan**
3. **Plaintiff Demand Letter**
4. **Soma Lease**

**Attachment D**

**Defendant does not contend any damages.**

**Attachment E**

      **Defendant has supplied information regarding its insurance coverage to Plaintiff counsel.**